IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LOZANO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-3560-O-BD |
| | § | |
| CITY OF DALLAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Jose Lozano, a Texas pretrial detainee, against the City of Dallas, the Dallas Police Department and its Gang Unit, Dallas County Sheriff Lupe Valdez, a Dallas County deputy clerk, and various unnamed Dallas police officers. On December 27, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 12, 2012. The court now determines that plaintiff's claims should be dismissed in part and stayed in part.

II.

As best the court can decipher his complaint and interrogatory answers, it appears that plaintiff was arrested on state drug charges following a search of his apartment in July 2011. (*See* Plf. Compl. at 4, ¶ V). He is currently incarcerated in the Dallas County Jail awaiting trial on those charges. According to plaintiff, the search was conducted without consent, probable cause, or a valid warrant. (*Id.*; *see also* Mag. J. Interrog. #8). Among the items seized by the police were $14,224 in cash and a 1999 Cadillac Deville. (*Id.*). In this lawsuit, plaintiff alleges that his arrest was unlawful and that he has been detained without due process, reasonable bail, or meaningful access to counsel. (*See* Mag. J. Interrog. #7, 9-10, 12). As relief, plaintiff seeks monetary damages, the return of his property, and reimbursement for the funds previously paid toward his state court bond. (*See* Plf. Compl. at 4, ¶ VI; Mag. J. Interrog. #2).[1]

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

---

[1] To the extent plaintiff attempts to sue his criminal defense lawyer for federal civil rights violations, a private lawyer is not a "state actor" under section 1983. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), citing *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Nor is plaintiff entitled to an order requiring the state court to release him on bond. A state prisoner must challenge the fact and duration of his confinement in an application for writ of habeas corpus under 28 U.S.C. § 2254, *see Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983), and such relief is available from a federal court only after the prisoner has exhausted his available state remedies. *See Maldonado v. Anderson*, No. 4-03-CV-0089-Y, 2003 WL 21212620 at *2 (N.D. Tex. May 13, 2003).

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against the Dallas Police Department and its Gang Unit. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Because plaintiff fails to allege or otherwise demonstrate that the Dallas Police Department is a separate legal entity having jural authority, his claims against this defendant must be dismissed. *See Youl Suh v. Dallas Police Dept.*, No. 3-06-CV-2115-L, 2006 WL 3831235 at *2 (N.D. Tex. Dec. 29, 2006), *appeal dism'd*, No. 08-10233 (5th Cir. Apr. 30, 2008) (recognizing that Dallas Police Department is not a separate legal entity having jural authority).

C.

Similarly, plaintiff has failed to state a claim against Dallas County Sheriff Lupe Valdez and Dallas County Deputy Clerk Evette Lamb. As a supervisor, Sheriff Valdez is liable only if she: (1) affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not contend that the sheriff was personally involved in the alleged constitutional deprivations made the basis of this suit. (*See* Mag. J. Interrog. #5). Instead, plaintiff blames the sheriff for his excessive bail and for implementing unspecified policies that permit officers to illegally obtain search warrants. (*See id.*). These conclusory allegations do not give rise to supervisory liability under 42 U.S.C. § 1983. *See Delgado v. Ratcliff*, 213 F.3d 639 (Table), 2000 WL 554940 at *1 (5th Cir. Apr. 18, 2000) (conclusory allegations of supervisory liability held insufficient to support claim for relief).

Plaintiff alleges that Dallas County Deputy Clerk Evette Lamb violated his constitutional rights by signing court documents that resulted in the forfeiture of his property. (*See* Mag. J. Interrog. #6 & Attch. A). As an officer of the court, Lamb has "absolute immunity from actions for damages arising from acts [she is] specifically required to do under court order or at a judge's direction." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001), *quoting Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). The Fifth Circuit has extended this immunity to court clerks who act under the directives and orders of the court. *See Small v. Dallas County*, 170 Fed.Appx. 943, 2006 WL 925500 at *1 (5th Cir. Apr. 10, 2006). Because Lamb was acting in her capacity as a deputy district clerk in signing the citation and notice of seizure, she is immune from suit. *Id.*

D.

Nor has plaintiff stated a claim for relief against the City of Dallas. A municipality may be held liable for the deprivation of rights guaranteed by the Constitution or federal law only if the deprivation was the result of an official policy. *See Monell v. Department of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). Such a policy may include "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). In his interrogatory answers, plaintiff alleges only that the officers who arrested him and seized his property were employed by the City and were acting under "color of state law." (*See* Mag. J. Interrog. #3(a)). However, "[i]t is well-established that a city is not liable under § 1983 on the theory of respondeat superior." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009), *cert. denied*, 131 S.Ct. 66 (2010), *citing Monell*, 98 S.Ct. at 2037-38. Without any facts suggesting that the City established or implemented an official policy or custom that led to the violation of plaintiff's constitutional rights, there is no basis for municipal liability under section 1983. *See Delgado*, 2000 WL 554940 at *1 (conclusory allegations of municipal liability held insufficient to support claim for relief).

E.

That leaves plaintiff's claims against the unnamed Dallas police officers for illegal search, wrongful arrest, false imprisonment, and improper confiscation of his property. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by

executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence[.]" *Id.* If so, the claim is barred. *Id.*; *see also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

Here, plaintiff is awaiting trial on state drug charges. (*See* Mag. J. Interrog. #9(a)). If plaintiff is convicted, *Heck* may bar his claims. *See Tyler v. Cedar Hill Indep. Sch. Dist.*, No. 3-09-CV-2469-G, 2010 WL 1233455 at *2 (N.D. Tex. Mar. 3, 2010), *rec. adopted*, 2010 WL 1233458 (N.D. Tex. Mar. 29, 2010) (summarily dismissing illegal search, unlawful arrest, and false imprisonment claims under *Heck*); *Johnson v. Bradford*, 72 Fed.Appx. 98, 99, 2003 WL 21697174 at *1 (5th Cir. Jul. 22, 2003) (affirming dismissal of illegal search claim under *Heck*). However, the Supreme Court has refused to extend *Heck* to pending criminal matters. *See Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091, 1098, 166 L.Ed.2d 973 (2007). In such circumstances, the proper procedure is to stay plaintiff's claims against the unnamed Dallas police officers "until the criminal case or the likelihood of a criminal case is ended." *Banks v. Gammon*, No. 3-08-CV-0474-K, 2008 WL 2404967 at *2 (N.D. Tex. Jun. 9, 2008), *citing Wallace*, 127 S.Ct. at 1098.[2]

### RECOMMENDATION

Plaintiff's claims against the City of Dallas, the Dallas Police Department and its Gang Unit, Dallas County Sheriff Lupe Valdez, and Dallas County Deputy Clerk Evette Lamb should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His claims against the unnamed Dallas police officers should be stayed until the state criminal charges against plaintiff are finally resolved.

---

[2] Although plaintiff has not identified the unnamed Dallas police officers with enough specificity to enable the court to direct service of process, such failure is not the result of contumaciousness or an attempt to delay the proceedings. The court therefore declines to summarily dismiss plaintiff's claims against those defendants. *See Cowart v. Dallas County Jail*, 439 Fed.Appx. 332, 333, 2011 WL 3759618 at *1 (5th Cir. Aug. 24, 2011) (summary dismissal not proper where "readily available documentation" may help identify John Doe defendants).

The clerk should be instructed to administratively close this case for statistical purposes. Once the state criminal proceedings against plaintiff are concluded, he may file a motion to reopen the case.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 23, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE